■ In the Matter of JOHN A. TRISCHAN et al., Respondents, v ROBERT CHAPMAN et al., Constituting the Board of Trustees of the Village of Horseheads, et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered September 11, 1981 in Chemung County, which denied respondents' motion to correct a mistake, defect or irregularity in a prior order of the same court. As the result of several administrative hearings and two article 78 proceedings, the respondent board approved the Planned Unit Development proposed by petitioners, but imposed four conditions on the approval. Petitioners challenged two of the conditions and Special Term concluded that one of the conditions was not arbitrary and capricious, but that "no justification has been shown" for Condition No. 3. The order entered thereon declared Condition No. 1 not arbitrary and capricious, and annulled Condition No. 3 on the ground that it was "unreasonable, arbitrary and capricious". Respondents moved to correct a defect in the order, contending that the provision annulling Condition No. 3 did not accurately reflect what was intended by Special Term's decision. The motion was denied and this

appeal ensued. Respondents do not contend that Special Term erred in annulling Condition No. 3. Rather, it is asserted that so much of the order as describes Condition No. 3 as unreasonable, arbitrary and capricious is a mistake since Special Term's decision did not specifically use those words. The argument is meritless. In denying the motion to correct the alleged mistake, Special Term stated that the order accurately reflected the intent of the decision. Moreover, in that decision, Special Term found "no justification" for the condition, clearly implying that it lacked a rational basis, the critical element of the arbitrary and capricious test (see *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Respondents have failed to show the existence of any error in the prior order. The notice of appeal herein is limited to the order entered September 11, 1981, which denied respondents' motion to correct a mistake in a prior order. Accordingly, we cannot consider any issues concerning the merits of Special Term's determinations which provide the basis for the prior judgments and orders in related proceedings from which no appeal has been taken. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.